MATTHEW A. RICHARDS (SBN 233166)
mrichards@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600
Tel: 415-984-8200
Fax: 415-984-8300

BROCK SERAPHIN (SBN 307041)
bseraphin@nixonpeabody.com
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151
Tel: 213-629-6000
Fax: 213-629-6001

LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
JORDAN WELLS (SBN 326491)
jwells@lccrsf.org
VICTORIA PETTY (SBN 338689)
vpetty@lccrsf.org
131 Steuart Street # 400
San Francisco, CA 94105
Telephone: 415 543 9444

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCSICO BAY AREA,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF HOMELAND SECURITY and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## Introduction

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking disclosure of records held by the United States Immigration and Customs Enforcement agency ("ICE"), a branch of the Department of Homeland Security ("DHS"), concerning the treatment of immigration detainees arrested, apprehended, booked, or detained by ICE and DHS at Golden State Annex ICE Detention Facility ("GSA"), located at 611 Frontage Road, McFarland, California 92350. Specifically, Plaintiff Lawyers' Committee For Civil Rights of the San Francisco Bay Area ("LCCRSF" or "Plaintiff") has submitted 18 requests seeking records pertaining to, *inter alia*: (1) current and former detainees' complaints regarding access to basic necessities at GSA between January 1, 2024 and June 1, 2024; (2) events that transpired at GSA between April 8, 2024 and April 16, 2024 involving uses of force and GSA staff misconduct against immigration detainees; (3) investigations into the aforementioned events; and (4) GSA's relevant policies and procedures. Plaintiff seeks declaratory and other appropriate relief with respect to ICE's unlawful withholding of these records.

2. ICE retains and exercises legal custody over individuals detained at GSA. The GEO Group, Inc. ("GEO"), a private corporation, operates GSA at ICE's behest in exchange for compensation. As such, any document within GEO's possession, custody, or control relating to the operation of GSA and detention of noncitizens is plainly within ICE's control. *See, e.g., Ahn v. GEO Group, Inc.*, 1:22-cv-00586-CDB, ECF 64-1 at 466 (E.D. Cal).

3. Detainees in GSA dormitory A4 have reported that on April 15, 2024, in response to peaceful sit-in protests, dozens of officers in SWAT-like gear burst into their sleeping quarters in the early morning, gassing them with pepper spray, assaulting them, and subsequently stripping them down to their underwear for contraband searches.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

4. The information sought is of significant value to the public. Plaintiff seeks information that would reveal patterns of misconduct at GSA, including the provision of basic necessities to immigrant detainees (or lack thereof), retaliatory uses of force and invasive searches against them. Among other things, the requested information will inform the public regarding enforcement of the nation's immigration and detention laws, including ICE's practice of contracting with for-profit entities to administer those laws, and is therefore likely to contribute to an understanding of government operations and activities.

5. ICE's failure to turn over requested records violates the FOIA, and has impeded Plaintiff's efforts to educate the public regarding the treatment of immigrant detainees by ICE and GEO. On information and belief, the requested information would increase the public's understanding about how ICE and GEO are treating detainees, human rights violations that occurred at GSA, and about how the public's tax dollars are being spent. The requested information has the strong potential to significantly contribute to the public's understanding of government operations and activities.

6. Disclosure of the records sought here is particularly urgent given that ICE currently is considering whether to renew its years-long contracts with GEO for detention at GSA and other GEO facilities, and whether to award GEO additional detention contracts. Members of California's congressional delegation recently wrote to DHS leadership reiterating concerns about "disturbing conditions and abusive and retaliatory behavior towards detainees" by GEO employees at GSA and another GEO-run ICE detention facility and calling for the agency to end the relevant contracts.[1] GEO should not profit, at taxpayer expense, from a supposed "civil"

---

[1] Letter from U.S. Sen. Alex Padilla, et al. to DHS Sec. Mayorkas, dated Oct. 8, 2024, available at https://lofgren.house.gov/sites/evo-subsites/lofgren.house.gov/files/evo-media-document/10.8.24%20-%20Letter%20-%20Dangerous%20Conditions%20at%20GEO%20Detention%20Centers.pdf.

detention operation that is anything but, and ICE should not shroud records evidencing and underlying GEO's egregious conduct.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. §§ 701-706 and 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rules of Civil Procedure 57 and 65.

8. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)(C) in that Plaintiff LCCRSF is headquartered and has an office in San Francisco, California.

## The Parties

9. Plaintiff LCCRSF is a non-profit, non-partisan civil rights organization, based in San Francisco, California. One of the West Coast's oldest civil rights institutions, LCCRSF is a 501(c)(3) organization that employs about 30 staff members, among them lawyers and media specialists. The organization collaborates with grassroots organizations and community partners to identify and address patterns of abuse and inequality. In 2023 alone, LCCRSF provided 1,800 clients with direct legal services, and engaged in about 30 impact and advocacy matters. One of LCCRSF's interest areas is the equitable administration of immigration law and policy. In addition to representing individual asylum seekers in their cases, LCCRSF represents individuals in federal habeas corpus petitions to challenge their prolonged incarceration in private immigration detention centers. LCCRSF also pursues litigation and advocacy to hold private immigration contractors accountable for abuses and noncompliance with their standards of care.

10. Defendant DHS is a Department of the Executive Branch of the United States Government and is an agency within the meaning of 5 U.S.C. § 552(f). DHS is responsible for enforcing federal immigration laws. DHS has possession or control over the records sought by LCCRSF.

11. Defendant ICE is a component of DHS and is an agency within the meaning of 5 U.S.C. § 552(f). ICE enforces federal law governing border control, customs, and immigration to the United States. ICE has possession or control over the records sought by LCCRSF.

**Plaintiff LCCRSF's FOIA Request**

12. On June 26, 2024, LCCRSF submitted a FOIA request letter to ICE ("FOIA Request") seeking:

1) All records related to any and all complaints made by any detained individual housed in GSA Housing Unit A44 on any day on or between January 1, 2024 to June 1, 2024, about access to basic necessities, including, but not limited to, toilet paper, water, toothpaste, cleaning equipment, indoor temperature control, recreation, batteries, and food, for individuals currently in the dorm and on behalf of individuals in solitary confinement.

2) All records related to any and all uses of force, physical restraint devices or techniques, impact weapons, batons, firearms, chemical agents, and oleoresin capsicum spray, planned or executed by GSA on any day on or between 11:59pm April 8, 2024 to 12:01am April 16, 2024.

3) All audio and/or video files, including, but not limited to, handheld camera recordings and closed-circuit television footage, recorded at GSA from 11:59pm April 8, 2024 to 12:01am April 16, 2024, that capture audio or video from the interior of Housing Unit A4.

4) All audio and/or video files, including, but not limited to, handheld camera recordings and closed-circuit television footage, recorded at GSA, from 11:59pm April 8, 2024 to 12:01am April 16, 2024, that capture audio or video from the exterior of Housing Unit A4, including, but not limited to the surrounding hallways, doors, and windows.

5) All audio and/or video files including, but not limited to, handheld camera recordings and closed-circuit television footage, recorded at GSA, from 11:59am April 8, 2024 to 12:01am April 16, 2024, that capture any detained individual who was then-presently assigned to Housing Unit A4 at any time during the specified date range.

6) All relevant policies and procedures for retaining audio and/or video files and records sufficient to show compliance/noncompliance therewith.

7) All records related to any group demonstration planned and/or carried out by detained individuals on April 13, 2024.

8) All documents related to any search for contraband, or any other prohibited item, that was planned for or actually conducted between 11:59pm April 1, 2024 to 12:01am April 16, 2024, including, but not limited to:

   a. Any investigations conducted prior to any search for contraband, and

   b. Records sufficient to identify the basis or bases for the search of Housing Unit A4

   c. Records sufficient to identify the basis for searching the body or belongings of any individuals housed in Housing Unit A4

   d. Any communications regarding any planned or conducted search for contraband.

9) Records sufficient to show all equipment utilized to conduct any search for contraband that was planned for or actually conducted between 11:59am April 14, 2024 to 12:01am April 16, 2024, including but not limited to restraint devices, impact weapons, batons, oleoresin capsicum spray,5 chemical agents, tactical gear, and personal protection equipment.

10) Records sufficient to show the personnel involved in the planning and/or execution of any search for contraband that was planned for or actually conducted between 11:59pm April 15, 2024 to 12:01am April 16, 2024, including, but not limited to:

    a. The rank, position, or title of the individuals involved in any phase of a contraband search;

    b. The number of individuals involved in any phase of a contraband search; and

    c. The rank, position, or title of any ICE employee who received notice of a contraband search at any stage.

11) Records sufficient to show GSA's policies, procedures, and training manuals and presentations for handling contraband, including, but not limited

to, investigation, seizure of contraband, disputed ownership, property defined as contraband, and the preservation, inventory, and storage of contraband pending further process.

12) Records sufficient to show GSA's policies, procedures, and training manuals and presentations for conducting searches of detained individuals, including, but not limited to, pat downs, strip searches, cavity searches, and visual inspections.

13) Records sufficient to show GSA's policies, procedures, and training manuals and presentations for handling personal property owned by individuals detained at the facility.

14) All records related to reports of lost or damaged personal property made on or between April 14, 2024 to June 1, 2024, by any individual who was assigned to GSA Housing Unit A4 on any day during that period, including but not limited to:

   a. Forms I-387 Report of Detainees Missing Property;

   b. Reports, oral or written, of allegations of staff mishandling of personal property owned by detained persons; and

   c. Requests, oral or written, for reimbursement of commissary.

15) All records related to any incident or allegation of GSA staff misconduct, where such alleged or actual misconduct occurred on or between April 8, 2024 through April 16, 2024, concerning the treatment of detained individuals, use of force, or compliance with detention standards and/or the provisions of GSA's contract with ICE.

16) Records sufficient to show GSA's written policies, procedures, and training manuals and presentations related to lost or damaged personal property belonging to detained individuals, including, but not limited to, procedures for investigating the whereabouts and ownership of personal property, determining whether GSA staff was at fault for personal property loss or damage, and for reimbursing the value of lost or damaged personal property.

17) Records sufficient to show GSA's policies regarding the use of cellular devices by individuals detained at GSA, including, but not limited to smartphones,

tablets, pagers, and other communication technology, including but not limited to:

    a. Rules prohibiting the possession or use of cellular devices on GSA's premises by detained individuals;

    b. Procedures for handling cellular devices confiscated from detained individuals.

18) All records related to body searches, including, but not limited to, pat searches, strip searches, and any other form of visual inspection, of individuals assigned to GSA Housing Unit A4 by GSA personnel planned and/or conducted on or between April 13, 2024 to April 16, 2024, including, but not limited to:

    a. Forms G1025 submitted by GSA to ICE; and

    b. Records of investigation conducted by ICE.

LCCRSF requested documents ranging in time from January 1, 2024, through the response date. A true and correct copy of LCCRSF's June 26, 2024, FOIA Request is attached hereto as **Exhibit 1**.

    13. LCCRSF asked ICE for expedited processing because the request involved "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information" and "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." *See* Ex. 1 at pp. 4-5 (citing 5 U.S.C. § 552(a)(6)(E) and 6 C.F.R. § 5.5(e)(1)).

    14. LCCRSF asked that ICE waive all fees associated with its FOIA Request because disclosure of the records is "in the public interest" and "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* Ex. 1 at p. 5 (citing 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k)).

    15. ICE acknowledged receipt of LCCRSF's FOIA request on July 9, 2024. In its response, ICE denied LCCRSF's request for expedited processing and failed to

address LCCRSF's request for a fee waiver. A true and correct copy of the ICE July 9, 2024, acknowledgment letter is attached hereto as **Exhibit 2**.

16. ICE's acknowledgment letter stated, "ICE has queried the appropriate program offices within ICE for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the processors in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request." *See* Ex. 2.

17. LCCRSF sent a letter to ICE on July 19, 2024 to identify deficiencies in ICE's initial July 9 acknowledgement letter, namely that ICE's July 9 letter only listed six of the 18 requests that LCCRSF made, and that ICE had not responded to LCCRSF's request for a fee waiver. A true and correct copy of LCCRSF's July 19, 2024 letter is attached hereto as **Exhibit 3**.

18. ICE replied on July 25, 2024. ICE formally acknowledged receipt of all 18 requests, restated ICE's denial of expedited processing, and granted LCCRSF's request for a fee waiver. A true and correct copy of ICE's July 25, 2024 letter is attached hereto as **Exhibit 4**.

19. On August 30, 2024, LCCRSF appealed ICE's denial of its request for expedited processing. A true and correct copy of LCCRSF's August 30, 2024, appeal is attached hereto as **Exhibit 5**.

20. On September 30, 2024, ICE responded to LCCRSF's appeal and affirmed its prior decision to deny LCCRSF's request for expedited processing. A true and correct copy of the ICE letter of September 30, 2024, adjudication of the LCCRSF appeal is attached hereto as **Exhibit 6**.

21. On November 4, 2024, LCCRSF sent a letter to ICE requesting information about the processing status of the request. In the letter, LCCRSF asked whether "ICE already completed a full search for the records at issue in the Request" and whether there was "a projected timeline for issuing the substantive response and

producing the requested records." A true and correct copy of LCCRSF's November 4, 2024 letter is attached hereto as **Exhibit 7**.

22. On November 7, 2024, ICE responded to LCCRSF's November 4 letter, stating that "the search for responsive documents is complete and your request is currently in queue to be processed." A true and correct copy of ICE's November 7, 2024 letter is attached hereto as **Exhibit 8**. Over a month passed, and ICE still had not informed LCCRSF of its determination of the records' releasability.

23. On December 10, 2024, LCCRSF sent a final demand to ICE for a response to its FOIA request and requested that ICE begin its production of records on or before December 20, 2024. A true and correct copy of LCCRSF's December 10, 2024, letter is attached hereto as **Exhibit 9**.

24. To date, ICE has not produced *any documents* responsive to LCCRSF's FOIA Request, nor has it even provided LCCRSF with a substantive response to the FOIA Request.

25. LCCRSF has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C). LCCRSF first submitted its FOIA Request nearly six months ago. Despite LCCRSF's requests that ICE fulfill its statutory obligation by providing a substantive response and providing the requested documents, ICE has failed to do either.

26. DHS and ICE have violated the applicable statutory time limit for the processing of FOIA requests.

27. DHS and ICE have wrongfully failed to release responsive records to Plaintiff.

## FIRST CLAIM

### Violation of Freedom of Information Act, 5 U.S.C. § 552
### for Failure to Disclose Responsive Agency Records

28. LCCRSF repeats, alleges, and incorporates by reference the allegations in paragraphs 1-27 as though fully set forth herein.

29. Defendants' unlawful withholding of documents responsive to LCCRSF's FOIA Request violates 5 U.S.C. §§ 552(a)(3)(A) and (a)(6)(A), as well as the regulations promulgated thereunder.

30. ICE and DHS are obligated under 5 U.S.C. § 552(a)(3) to produce records responsive to LCCRSF's FOIA Request.

31. ICE and DHS were required to respond substantively to LCCRSF's FOIA Request within 20 business days under 29 CFR § 2201.6, promulgated under 5 U.S.C. § 552, and no basis exists for ICE's failure to provide even a substantive response to Plaintiff's request. LCCRSF has exhausted its administrative remedies by virtue of Defendants' failure to respond to the FOIA Request.

## SECOND CLAIM

### Violation of Freedom of Information Act, 5 U.S.C. § 552

### for Failure to Conduct an Adequate Search of Agency Records

32. LCCRSF repeats, alleges, and incorporates by reference the allegations in paragraphs 1-31 as though fully set forth herein.

33. LCCRSF's FOIA Request seeks records from January 1, 2024, through the response date. Defendants have failed to produce *any* responsive records.

34. ICE and DHS are obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for and to produce records responsive to LCCRSF's FOIA Request. LCCRSF has a legal right to obtain such records, and no legal basis exists for ICE's and DHS's failure to conduct a reasonable search for records from June 26, 2024, through the present date.

35. Defendants' failure to conduct a reasonable search for records responsive to LCCRSF's FOIA Request violates 5 U.S.C. §§ 552(a)(3), and (a)(6)(A), as well as the regulations promulgated thereunder.

## THIRD CLAIM

### Violation of the Administrative Procedure Act

### for Failure to Timely Respond to Request for Agency Records

36.  LCCRSF repeats, alleges, and incorporates by reference the allegations in paragraphs 1-35 as though fully set forth herein.

37.  Defendants' failure to timely respond to LCCRSF's FOIA Request for agency records constitutes agency action unlawfully withheld and unreasonably delayed in violation of the Administrative Procedure Act, 5 U.S.C. §§ 701-06. Defendants' failure to timely respond is arbitrary, capricious, and an abuse of discretion, not in accordance with law and without observance of procedure required by law, all in violation of the Administrative Procedure Act.

## PRAYER FOR RELIEF

WHEREFORE, LCCRSF requests that judgment be entered in its favor and against Defendants DHS and ICE. LCCRSF further requests that the Court:

(a)  Declare unlawful Defendants' refusal to disclose the records requested by LCCRSF;

(b)  Declare that Defendants' failure to make a determination with respect to LCCRSF's FOIA Request within the statutory time limit and Defendants' failure to disclose responsive records violates the FOIA;

(c)  Declare that Defendants' failure to timely respond to LCCRSF's request for agency records violates the Administrative Procedure Act;

(d)  Order Defendants and any of Defendants' departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of Defendants to conduct a full, adequate, and expeditious search for records responsive to LCCRSF's FOIA request;

(e)  Enjoin Defendants, and any of their departments, components, other organizational structures, agents, or other persons acting by, through, for, or on

behalf of Defendants from withholding non-exempt records responsive to Plaintiff's FOIA request and order them to promptly produce the same without redaction;

  (f) Award LCCRSF its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

  (g) Grant all other such relief to LCCRSF as the Court deems just and equitable.

Dated: December 23, 2024

Respectfully submitted,

NIXON PEABODY LLP

By: */s/ Matthew A. Richards*
  Matthew A. Richards
  Brock J. Seraphin
  *Attorneys for Plaintiff*

Dated: December 23, 2024

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA

By: */s/ Jordan Wells*
  Jordan Wells
  Victoria Petty
  *Attorneys for Plaintiff*